# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

### (NORTHERN DIVISION)

| | | |
|---|---|---|
| AJILON, LLC, | * | |
|     Plaintiff/Counter-Defendant, | * | |
| v. | * | Civil Action No.: L02-CV4075 |
| SOFTSOL RESOURCES, INC., | * | |
|     Defendant/Counter-Plaintiff. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## AJILON, LLC'S ANSWER TO COUNTER-COMPLAINT

Ajilon, LLC ("Ajilon"), Plaintiff and Counter-Defendant, by its attorneys, Charles J. Morton, Jr., and Daniel P. Moylan, with Venable, Baetjer and Howard, LLP, hereby answers the Counter-Complaint filed by Softsol Resources, Inc. ("Softsol"), as follows:

1. The Counter-Complaint fails to state a claim upon which relief can be granted.

2. Ajilon generally denies liability.

3. Ajilon admits, denies, or is without sufficient knowledge to admit or deny the individual allegations in the Counter-Complaint as follows:

### PARTIES AND THE CONTRACT

1. Ajilon admits that it is a Delaware limited liability company with its principle place of business in Towson, Maryland, but states that the nature of its business is not adequately summarized.

2. Ajilon admits that Softsol is a California corporation with its principal place of business located in Fremont, California, but lacks sufficient information to admit or deny the accuracy of Softsol's description of its business.

3. Ajilon admits that it and Softsol entered into a contract, and that Ajilon and MCI Telecommunications Corporation ("MCI") entered into a contract, but otherwise deny this allegation.

   (a) Ajilon admits that the contract into which it and Softsol entered has a section 2.3, and defers to the written agreement for the contents of that section.
   (b) Ajilon admits that the contract into which it and Softsol entered has a section 3.1, and defers to the written agreement for the contents of that section.
   (c) Ajilon admits that the contract into which it and Softsol entered has a section 7.1, and defers to the written agreement for the contents of that section.

4. Ajilon denies that the contract into which it and Softsol entered does not require re-payment in the situation giving rise to this litigation.

FACTS

5. Denied.

6. Denied.

7. Denied.

8. Ajilon is without knowledge or information sufficient to form a belief as to the truth of this averment and is unable to admit or

deny the factual allegations. Additionally, Ajilon denies the legal conclusions that are stated in the allegation.

9. Denied.

10. Denied.

11. Denied, although Ajilon has received some amounts from MCI that it has set-off against the amounts due and owing to Ajilon from Softsol.

    (a) Denied, although Ajilon has received some amounts from MCI that it has set-off against the amounts due and owing to Ajilon from Softsol.
    (b) Denied, although Ajilon has received some amounts from MCI that it has set-off against the amounts due and owing to Ajilon from Softsol.

12. Ajilon admits that Softsol has made unspecific demands for payment, but denies that Ajilon has refused a demand for money due and owing.

COUNT I
(Breach of Written Contract)

13. Ajilon admits, denies or is without sufficient information to admit or deny each of the incorporated allegations as set forth above.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

## COUNT II
(Breach of Written Contract)

18. Ajilon admits, denies or is without sufficient information to admit or deny each of the incorporated allegations as set forth above.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## COUNT III
(Breach of Fiduciary Duty)

23. Ajilon admits, denies or is without sufficient information to admit or deny each of the incorporated allegations as set forth above.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Ajilon is without knowledge or information sufficient to form a belief as to the truth of this averment and is unable to admit or deny the allegation.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

### COUNT IV
(Negligence)

33. Ajilon admits, denies or is without sufficient information to admit or deny each of the incorporated allegations as set forth above.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

### COUNT V
(Promissory Estoppel)

40. Ajilon admits, denies or is without sufficient information to admit or deny each of the incorporated allegations as set forth above.

41. Denied.

42. Denied.

43. Denied.

44. Ajilon is without knowledge or information sufficient to form a belief as to the truth of this averment and is unable to admit or deny the allegation.

45. Denied.

      46. Denied.

      47. Denied.

      48. Denied.

    4.  Ajilon asserts the affirmative defenses of accord and satisfaction, duress, estoppel, fraud, illegality, laches, payment, release, statute of limitations, and waiver.

 

                                                               */s/*
                                     CHARLES J. MORTON, JR.,
                                     Federal Bar No. 8739
                                     DANIEL P. MOYLAN,
                                     Federal Bar No. 024719
                                     Venable, Baetjer and Howard, LLP
                                     210 Allegheny Avenue
                                     P.O. Box 5517
                                     Towson, Maryland  21285-5517
                                     (410) 494-6200

                                   Attorneys for Plaintiff/Counter-
                                   Defendant Ajilon, LLC

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of March, 2003, a copy of the foregoing **ANSWER TO COUNTER-COMPLAINT** was electronically filed and served on:

    Chirag V. Patel, Esquire
    Suite 300
    2225 Saint Paul Street
    Baltimore, Maryland  21218-5806

    Attorneys for Defendant/
    Counter-Plaintiff Softsol Resources, Inc.

                                                     */s/*
                                     Daniel P. Moylan