

VENABLE, BAETJER AND HOWARD, LLP
*Including professional corporations*

210 Allegheny Avenue
Towson, Maryland 21204
(410) 494-6200, Fax (410) 821-0147
www.venable.com

OFFICES IN

WASHINGTON, D.C.
MARYLAND
VIRGINIA

**Writer's Direct Number:**
**410-494-6258**

**dpmoylan@venable.com**

March 17, 2003

<u>*VIA ELECTRONIC FILING*</u>

The Honorable Benson Everett Legg,
Chief Judge
United States District Court
for the District of Maryland
U. S. Court House
101 West Lombard Street
Baltimore, Maryland  21201

      Re:    *Ajilon, LLC v. Softsol Resources, Inc.*
              Civil No.: L-02-4075

Dear Judge Legg:

      I am writing on behalf of counsel in the above referenced case to submit this Joint Proposed Discovery Plan in accordance with the Court's February 23, 2003 Order ("the Order").  Counsel met face-to-face on March 12, 2003, and continued to discuss the issues presented in the Order thereafter by phone.

      **A.**      **Exchange of Documents**

            (i)      <u>Categories of documents to be exchanged</u>.  This is a breach of contract case in which each party alleges the other has failed to make certain payments due.  The broad categories of documents that are to be exchanged, therefore, are those relating to work performed, timesheets, invoices, other communications between the parties concerning the work performed, and documents relating to payment or non-payment (e.g. accounts receivable and payable).



The Honorable Benson Everett Legg
March 17, 2003
Page 2

    (ii)    <u>Timeline for exchange</u>.  The parties have incorporated a date for propounding Requests for Production of Documents and responses thereto in the enclosed Proposed Scheduling Order.

**B.**    **Interrogatories**

    (i)    <u>How many interrogatories allowed</u>.  The parties have agreed that each may propound 30 interrogatories.

    (ii)    <u>When submitted to the other side</u>.  The parties have incorporated a date for propounding Interrogatories in the enclosed Proposed Scheduling Order.

    (iii)    <u>When they will be answered</u>.  The parties have incorporated a date for responding to Interrogatories in the enclosed Proposed Scheduling Order.

**C.**    **Depositions**

    (i)    <u>Who will be deposed</u>.  Plaintiff/Counter-Defendant Ajilon, LLC ("Ajilon"), may depose a corporate designee of Defendant/Counter-Plaintiff Softsol Resources, Inc. ("Softsol"), and Softsol employees Srini Madala and Chris Yalavarthy.

    Softsol may depose an Ajilon corporate designee, and Ajilon employees David Sills, Catrina Snowden and Leslie Stevens.

    Finally, either party may depose a representative of MCI Worldcom.

    (ii)    <u>How many hours will be allowed</u>.  The parties have agreed that, pending the Court's approval, each will be allowed 25 hours of deposition time.



The Honorable Benson Everett Legg
March 17, 2003
Page 3

        (iii)      <u>When the depositions will occur</u>.  The parties have been unable to schedule the depositions at this time, but anticipate the depositions will occur between May 23, 2003 (when written discovery responses are due) and September 5, 2003 (the close of discovery).

**D.**      **Timelines for Rule 26(a)(1) Disclosures**

        (i)      The parties have agreed to dispense with these disclosures, with the Court's approval.

**E.**      **Experts**

        (i)      Neither party anticipates naming or calling any expert witnesses to testify.

**F.**      **Deadline for the Close of Discovery**

        (i)      The parties have proposed September 5, 2003, in the enclosed Proposed Scheduling Order.

**G.**      **Whether the Parties Wish to Appear Before a United States Magistrate Judge for a Settlement Conference, and, if so, at What Point in the Litigation**

        (i)      The parties have agreed to appear before a United States Magistrate Judge for a settlement conference and would like to do so as early in the litigation as possible.

**H.**      **Whether the Parties Will Consent to a Trial Before a United States Magistrate Judge**

        (i)      No.



The Honorable Benson Everett Legg
March 17, 2003
Page 4


**I.     Whether Dispositive Motions are Anticipated, and, if so, What Arguments Will be Raised**

(i)     Yes.  Both parties believe that ultimately the material facts may not be disputed and that the Court may be able to determine which party owes money to the other based on those facts.

**J.     A Brief Description of the Case**

(i)     Ajilon's case.  This case is a simple contract dispute.  Ajilon is in the business of providing temporary personnel services for computer programming to businesses in need of such technological support.  Softsol is engaged in the computer programming business and entered into a contract with Ajilon for it to coordinate Softsol's work for their mutual client MCI Telecommunications Corporation ("MCI") ("the Agreement").

The Agreement provided for Softsol to submit its invoices to Ajilon, and for Ajilon to submit those invoices, as well as its own, to MCI.  MCI then paid Ajilon for work it performed, as well as for work Softsol performed.  Ajilon disbursed payment to Softsol commensurate with the amounts received by Ajilon from MCI for Softsol's work.  The Agreement called for Ajilon to pay Softsol for services only if and when MCI paid Ajilon.

Between March and May, 2002, Softsol performed and billed MCI for $82,649.31 of work.  Ajilon paid Softsol for this work before it received payment from MCI (Ajilon had a good relationship with Softsol and based on that relationship paid before it was obligated to do so).  On July 19, 2002, MCI issued a check to Ajilon for work it and Softsol performed for MCI between March and May, 2002.  On July 21, 2002, however, MCI filed for bankruptcy and, on July 31, 2002, MCI stopped payment on the July 19, 2002 check.  Hence, Ajilon was not paid for the work it and Softsol performed for MCI from March to May, 2002.



The Honorable Benson Everett Legg
March 17, 2003
Page 5

Ajilon demanded repayment from Softsol of the $82,649.31 it had already paid to Softsol, but Softsol refused this demand. This suit is to recover that money.

Softsol filed a counter-claim against Ajilon alleging that it failed to make additional payments to Softsol for work it performed from June – September, 2002. Ajilon is not obligated to pay Softsol for the work performed in June and July, however, because MCI never made any payments to Ajilon for any work performed over those two months. Ajilon is investigating to determine what amount it has been paid for work performed in August and September, but any amounts paid for work performed at that time is properly held by Ajilon as a set off against the money Softsol owes to Ajilon.

Finally, Softsol's counter-claim asserts causes of action for Breach of Fiduciary Duty, Negligence, and Promissory Estoppel that are not actionable in this context. Ajilon has asked Softsol voluntarily to dismiss these counts and it is considering doing so.

(ii)    <u>Softsol's case</u>  To avoid being redundant and without waiving any claims or objections, Softsol generally agrees with Ajilon's statement of the facts and Ajilon's assertion that this case may be a simple contract dispute. However, Softsol disputes Ajilon's contentions that (1) Ajilon never received payment from MCI for work it and Softsol performed from March to May, 2002 and (2) that Ajilon was never paid by MCI for work it and Softsol performed from June to September, 2002. Furthermore, Softsol contends that it is entitled, per contract, to the entire payment it received from Ajilon in July irregardless of the fact that MCI declared bankruptcy. Finally, Softsol firmly maintains that, per contract, Ajilon is not entitled to a set off against payment owed to Softsol for the June to September, 2002, period.



The Honorable Benson Everett Legg
March 17, 2003
Page 6


**K.      Whether Counsel Wish the Court to Set a Trial Date Now**

      (i)      No.  Because each party believes this case may be resolved on motion, both parties prefer that the Court wait to set a trial date until after it has ruled upon the parties' dispositive motions.

Should you have any questions or comments, or require any additional information from the parties, please call me.


Sincerely yours,


_____/s/_____
Daniel P. Moylan         Bar No. 24719

DPM/dwm
cc:      Chirag V. Patel, Esquire (*via electronic filing*)

TO1DOCS1/DPM01/#156574 v1