### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | |
|---|---|
| AJILON, LLC, | * |
|     Plaintiff/Counter-Defendant, | * |
| v. | *   Civil Action No. WDQ-02-4075 |
| SOFTSOL RESOURCES, INC., | * |
|     Defendant/Counter-Plaintiff. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM IN SUPPORT OF AJILON, LLC'S MOTION TO COMPEL

Plaintiff/Counter-Defendant Ajilon, LLC ("Ajilon"), by its undersigned attorneys, hereby files this Memorandum in Support of its Motion to Compel, and for reasons states as follows:

### INTERROGATORIES

**Interrogatory No. 7**: State whether you agree that MCI never paid Plaintiff for the work it and you performed from March to May 2002, and in particular the Eighty Two Thousand Six Hundred Forty Nine Dollars and Thirty One Cents ($82,649.31) of work you performed during that time period, and, if not, state all facts that support your contention otherwise.

**Answer**: Defendant does not agree. MCI has paid Plaintiff in excess of $82,649.31 for work performed by Defendant in the form of a check dated on or about July 19, 2002. Plaintiff's bank confirmed this amount and it was forwarded to Defendant as per section 3 of the Contractor Agreement. Moreover, as to whether Ajilon made one or more claims in the MCI bankruptcy case and ultimately received payment is within the knowledge of Ajilon, and not Softsol.

**Interrogatory No. 8**: State whether you agree that MCI issued a July 19, 2002, check to Plaintiff for work it and you performed between March and May 2002, but that MCI stopped payment on that check on or about July 31, 2002, before any payment on the check was made to Plaintiff, and, if not, state all facts that support your contention otherwise.

**Answer**: Defendant does not presently have knowledge sufficient to agree or disagree. Defendant acknowledges that Plaintiff has made this contention. However, the facts and information concerning this question lie primarily with Plaintiff, and not with Defendant. Defendant questions the accuracy of the contention contained in this interrogatory because it was not until September (two months after the alleged stop payment) that Ajilon notified Softsol. Defendant shall supplement its answer when it becomes aware of facts to support an answer to this question.

**Insufficiency of Response**: These interrogatories ask Softsol to acknowledge that Ajilon was not paid Eighty Two Thousand Six Hundred Forty Nine Dollars and Thirty One Cents ($82,649.31) by MCI for work Softsol performed between March 1, 2002, and May 31, 2002. Although MCI issued a check in that amount on July 19, 2002, it stopped payment on that check on July 31, 2002. Softsol responded to Interrogatory No. 7 that Ajilon had been paid and that Ajilon's bank confirmed payment. Alternatively, Softsol answered Interrogatory No. 8 that Softsol did not have sufficient information to state whether MCI stopped payment on its check.

Softsol, however, knows its answers to be inaccurate. During voluntary pre-litigation discovery, Ajilon produced to Softsol copies of the July 19, 2002 check from MCI to Ajilon for Softsol's March, April and May invoices, and a copy of the stop payment order on that check issued on July 31, 2002. Based on this information, it is incredible that Softsol would – under oath – maintain that Ajilon was paid and that Softsol is without sufficient knowledge to state whether MCI stopped payment on the July 19 check. Softsol should supplement these answers truthfully and accurately to state that MCI's July 19 check was never paid.

**Interrogatory No. 14**: State all facts regarding when Plaintiff submitted invoices, timesheets or other documentation of the work you performed for MCI to MCI from and after January 1, 2002.

**Answer**: Defendant does not have sufficient knowledge to answer this question. Defendant shall supplement its answer when it becomes aware of facts to support an answer to this question.

**Insufficiency of Response**: This interrogatory asks Softsol to state when Ajilon submitted invoices to MCI for work Softsol performed from and after January 1, 2002. Softsol answered that it does not have sufficient knowledge at this time to respond. In response to Interrogatory No. 11, however, Softsol stated that Ajilon did not submit invoices to MCI for work Softsol performed from April through May until July 11, 2002. Softsol should supplement this answer to include this information and all supporting facts.

**Interrogatory No. 25**: State whether or not you or anyone on your behalf discussed the subject matter of this action with Plaintiff, and, if so, state the dates and circumstances of each such discussion and the substance of each such discussion.

**Answer**: Softsol objects to the term "subject matter of this action" as being overly broad and vague. However, to the extent that the phrase refers to the Contractor Agreement with Plaintiff and the issue of whether any portion of the $82,649.31 payment should be returned, Softsol answers as follows:     Details as per the e-mails faxed.                  .

**Interrogatory No. 29**: Itemize by date, content and author all communications sent to or received from the Plaintiff, or its agents or employees, concerning the subject matter of this action, and you are directed to attach to your answers copies of any such communications in writing.

**Answer**: November 14, 2002; Release of payments; Kris Yalavarthy, V.P. Operations Softsol. November 21, 2002; Repayment of $82,649.31; Larry White, Ajilon Legal Counsel, North America. Numerous e-mail messages. Please see attached.

**Insufficiency of Response**: Softsol's answers to these interrogatories reference documents that were not attached to its answers and which have not been produced. Please supplement the answers or produce the documents.

## REQUEST FOR PRODUCTION OF DOCUMENTS

As of the date of this filing, Defendant has not filed any response to Plaintiff's Request for Production of Documents or produced any documents.

                                                                                   _____
Charles J. Morton, Jr.
Federal Bar No. 8739
Daniel P. Moylan
Federal Bar No. 024719
Venable, Baetjer and Howard, LLP
210 Allegheny Avenue
P.O. Box 5517
Towson, Maryland 21285-5517
(410) 494-6200

Attorneys for Plaintiff/Counter-Defendant
Ajilon, LLC

TO1DOCS1/DPM01/#166017 v1