

VENABLE, BAETJER AND HOWARD, LLP
*Including professional corporations*

210 Allegheny Avenue
Towson, Maryland 21204
(410) 494-6200, Fax (410) 821-0147
www.venable.com

OFFICES IN

WASHINGTON, D.C.
MARYLAND
VIRGINIA

**Writer's Direct Number:**
**410-494-6258**

**dpmoylan@venable.com**

September 9, 2003

***VIA ELECTRONIC FILING***

The Honorable William D. Quarles
United States District Court for
 the District of Maryland
Garmatz Courthouse – Room 310
101 W. Lombard Street
Baltimore, Maryland  21201

      Re:    *Ajilon, LLC v. Softsol Resources, Inc.*
             In the United States District Court for
             the District of Maryland (Northern Division)
             Civil Action No. WDQ-02-4075

Dear Judge Quarles:

      I am submitting this supplemental Status Report to you to propose a resolution of the discovery issues raised in each party's Report with as little imposition on the Court as possible.

      The parties agree that discovery was not completed on the scheduled Discovery Deadline, September 5, 2003, in two respects: (1) the taking of corporate designee depositions; and (2) the production of documents.

      Defendant and Counter-Plaintiff Softsol Resources, Inc.'s ("Softsol") deposition was scheduled for September 5, 2003, and did not occur because Softsol announced that it was unable to appear.  Plaintiff and Counter-Defendant Ajilon, LLC's ("Ajilon") corporate designee deposition was scheduled for Sunday September 7, 2003, and did not occur because it was noted for the Sunday two days after the Discovery Deadline.  Softsol has suggested that it will appear for deposition in middle to late September.  Ajilon has informed Softsol that it may consent to its deposition being taken, despite the late notice beyond the discovery deadline, once the parties have resolved their discovery disputes.

      The parties are also involved in a dispute concerning the production of documents. As counsel for Softsol will confirm, Ajilon and Softsol have discussed exchanging documents concerning this action for months.  During those conversations, Softsol



The Honorable William D. Quarles
September 9, 2003
Page 2

repeatedly expressed that it was gathering documents for production, which it intended to produce in the near future.  Softsol made no mention of any reason for a delay in doing so. It did not say that it was having difficulty locating documents and/or had not yet produced documents because it did not have Ajilon's Request.  Nevertheless, Softsol reported in its Status Report that it was not yet in a position to make a full production of documents because it had only recently received a copy of Ajilon's Document Requests.  Finally, Softsol stated that it intends to produce documents to Ajilon in the near future.

Whatever the reason for the discovery failures, it appears that in response to the Discovery Deadline, the necessity to report to this Court the progress (or lack thereof) of this action, and Ajilon's Motions to Compel, Softsol is now in a position to participate in this case.  Ajilon remains ready to do so and suggests the following course of action.

This case should be referred to another judge of this Court to conduct a settlement conference as soon as possible.  In the meantime, the deadline for filing requests for admission and dispositive motions should be extended to 30 days beyond the settlement conference date.  Finally, the parties should be directed to resolve deposition-related issues and to exchange documents before the settlement conference.  This will allow the parties to resolve all outstanding discovery issues without needlessly involving the Court, set a date for the parties to attempt to resolve the action (which we each profess a sincere desire to do), and allow the parties to avoid drafting expensive and potentially unnecessary pleadings.  Should the Court require a formal motion requesting this relief, Ajilon will of course do so (asking Softsol to join in the same).

Please call me if you have any questions.

Sincerely yours,

/s/
Daniel P. Moylan

DPM/dwm
cc:    Chirag V. Patel, Esquire (*via electronic filing*)

TO1DOCS1/DPM01/#168500 v1